**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jerry BUSSELL, Defendant–Appellant.**

No. 01–3278.

United States Court of Appeals,
Seventh Circuit.

Submitted Dec. 16, 2002.*

Decided Dec. 16, 2002.

---

* The parties have waived oral argument in this case, and thus the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(f).

Before FAIRCHILD, EVANS, and WILLIAMS, Circuit Judges.

### ORDER

After spending 57 months in prison on crack conspiracy and distribution convictions, 21 U.S.C. §§ 846, 841(a)(1), Jerry Bussell was freed from confinement and began serving a four-year term of supervised release. But Bussell violated the conditions of his supervision by failing to complete a residential drug treatment program, failing to schedule urinalysis tests when directed, failing to report to his probation officer, and, most notably, by testing positive for cocaine use ten times and marijuana once. The district court revoked Bussell's supervised release term and based on the ten positive drug tests found that he possessed cocaine. Because possession of even a minuscule amount of cocaine is punishable under Illinois law by more than one year in prison, *see* 720 ILCS 570/402(c), 730 ILCS 5/5-8-1(a)(7), the district court concluded that Bussell had committed a Grade B violation of supervision pursuant to the policy statements promulgated by the United States Sentencing Commission, *see* U.S.S.G. Ch. 7, § 7B1.1(a)(2). The Grade B violation, when coupled with Bussell's criminal history category of IV, yielded an imprisonment range of 12–18 months. *See* U.S.S.G. § 7B1.4(a). The district court sentenced him to a 15-month prison term followed by 18 months of supervised release.

On appeal Bussell maintains that the district court erred in equating his drug use with drug possession and concluding that he committed a Grade B violation as a result. This argument is foreclosed by *United States v. Trotter*, 270 F.3d 1150 (7th Cir.2001), which we decided shortly after the parties submitted their briefs in this appeal. In *Trotter* we made clear that in the supervised release context a district

court may reasonably infer possession from use and conclude that a person who failed multiple drug tests committed a Grade B violation. *Id.* at 1153–54. Like Trotter, who failed three drug tests and skipped seven more, Bussell tested positive for cocaine on *ten* separate occasions and never argued that he did not knowingly and voluntarily use cocaine. Under these circumstances, the district court had ample reason to infer that Bussell also possessed the drug.

■ Bussell further contends that his cocaine possession was not "conduct constituting any other federal, state, or local offense punishable by a term of imprisonment exceeding one year" and thus did not constitute a grade B violation under U.S.S.G. § 7B1.1(a)(2). In particular, he contends, the district court erred in concluding that his cocaine possession constituted such an offense under Illinois law without evidence that he in fact possessed the cocaine in Illinois. Bussell did not make this argument in the district court or in his opening brief to this court. But the argument is unavailing in any event. Even assuming that Illinois law would not apply here, which we doubt, Bussell's cocaine possession would be punishable under federal law by more than a year in prison. Although the federal punishment for simple cocaine possession (i.e., possession without intent to distribute) is capped at one year, *see* 21 U.S.C. § 844(a), we take into account any recidivist enhancements when determining the term of punishment to which a person is exposed under the possession statute. *Trotter,* 270 F.3d at 1155–56; *see also United States v. LaBonte,* 520 U.S. 751, 762, 117 S.Ct. 1673,

137 L.Ed.2d 1001 (1997). Here, Bussell has a prior drug conviction, which exposed him to a maximum of two years in prison rather than one for possessing cocaine. *See* 21 U.S.C. § 844(a). Accordingly, the district court properly classified his cocaine possession as a Grade B violation.

For the foregoing reasons, we AFFIRM the district court's judgment.